CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer,**<br><br>    Plaintiff,<br><br>    v.<br><br>**George S. Stern**, in individual and representative capacity as trustee under the Trust Agreement Entered into between George S. Stern and Adele R. Stern dated February 27, 1985;<br>**Adele R. Stern**, in individual and representative capacity as trustee under the Trust Agreement Entered into between George S. Stern and Adele R. Stern dated February 27, 1985;<br>**Miguel Angel Martinez Velasco**; and Does 1-10,<br><br>    Defendants. | **Case No**. 2:19-cv-02151-AB-JEM<br><br>**Plaintiff's Case Statement** |

Pursuant to this Court's "ADA Disability Access Litigation: Order Granting Application for Stay and Early Mediation," filed May 23, 2019, the plaintiff submits his Plaintiff's Case Statement.

1

**A.  Itemized List**

The specific conditions at the site that forms the basis of this lawsuit are the lack of accessible parking space and transaction counter at the La Maquina located in Los Angeles, California.

1. Lack of Accessible Parking Space:



- ❖ When a business provides parking for its customers, it must provide accessible parking in compliance with the ADA Standards.
- ❖ Here, the lack of accessible parking is a violation of the law
- ❖ The included photo of the Facility depicts the above violation.

2. Lack of Accessible Transaction Counter:



- ❖ When a business provides facilities such as a sales or transaction counter, it must provide an accessible sales or transaction counter in compliance with the ADA Standards.
- ❖ Here, no such accessible sales counter has been provided in violation of the ADA.
- ❖ The included photo of the Facility depicts the above violation.

*Note*: As stated in the Complaint, given the obvious and blatant violations, the plaintiff has alleged, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff

intends to conduct a site inspection and amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. See *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them). Thus, settlement must address this holistic remediation.

**B.    Amount of Damages**

Under the Unruh Civil Rights Act and the California Disabled Persons Act, a plaintiff is entitled to two types of damages: (1) actual damages and (2) a penalty assessment.  Cal. Civ. Code § 52(a); 54.3(a).  "The statute lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover."  Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000).  The penalty assessment can be "no less than $4,000" under the Unruh Civil Rights Act (Cal. Civ. § 52(a)) and no less than $1,000 under the California Disabled Persons Act (Cal. Civ. § 54.3(a)). Each responsible party under the ADA is individually liable for the denial of rights. Lentini v. California Center for the Arts, Escondido, 370 F.3d 837, 849-851 (9th Cir. 2004).

The Unruh Civil Rights Acts provides for minimum statutory penalties of $4,000 plus actual damages for each offense against each responsible entity. Thus, Plaintiff claims $4,000 in statutory penalties against the property owners, George S. Stern and Adele R. Stern and $4,000 against the business owner, Miguel Angel Martinez Velasco, for a sum total of $8,000. If this matter proceeds beyond mediation, Plaintiff will additionally be seeking damages for on-going deterrence.

**C. Demand for Settlement of Case**

First, to provide for accessible parking space and transaction counter at the La Maquina.

Second, enter into a court enforceable consent decree binding the defendants to: (1) institute policies and procedures whereby they maintain the property in a compliant state; (2) the defendants agree to obtain and deliver a CASp report on the property to the plaintiff (with photos) within 30 days that identifies all access barriers. Thereafter, the plaintiff will have 30 days to comment on the report. If the plaintiff notes other barriers, the plaintiff can make a demand that the defendants correct them. If the parties cannot reasonably agree on barrier correction within 10 days following plaintiff's demand, the plaintiff has the right to file a new action or refile the action in state or federal court.

Lastly, to settle this matter globally at mediation, that Defendants pay $8,000 in statutory penalties and submit to the court as to reasonable attorney's fees and costs as provided by both the ADA and Unruh.

Dated: June 6, 2019                         CENTER FOR DISABILITY ACCESS


By: /s/ Dennis Price
Dennis Price, Esq.
Attorney for Plaintiff